# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON,<br><br>          Defendants. | CIVIL ACTION NO.:<br><br><br><br><br><br><br>April 25, 2019 |

## MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

The undersigned attorneys hereby move this Court to allow the Plaintiff in the above captioned action to proceed under the pseudonym John Doe for the reasons set forth in the attached Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order and the Declaration of Jonathan J. Einhorn, Esq. In Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order.

/ / /

Dated at New Haven, Connecticut this 25th day of April, 2019.

                            THE PLAINTIFF

                            /s/ Jonathan J. Einhorn

                            JONATHAN J. EINHORN
                            129 WHITNEY A VENUE
                            NEW HAVEN, CONNECTICUT 06510
                            FEDERAL BAR ct 00163
                            einhomlawoffice@gmail.com
                            203-777-3777


                            /s/ Jorge I. Hernandez

                            JORGE I. HERNANDEZ, Esq.
                            823 ANCHORAGE PLACE
                            CHULA VISTA, CA 91914
                            (pro hac vice admission pending)
                            Jorge@JIHLAW.com
                            619-475-6677

C:\DOCS\JIHLAW\Clients\19S\19-17\19-17-0001\P-Pleadings\190425 Motion Doe.doc

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON,<br><br>　　　　　Defendants. | CIVIL ACTION NO.:<br><br><br><br><br><br><br>April 25, 2019 |

Upon the Ex Parte motion of the Plaintiff for an order permitting the filing of the complaint, summons, civil cover sheet, and Motion to Proceed Under Pseudonym and for Protective Order under seal for the Motion for TRO/ Preliminary Injunction, and upon review of the Declaration of Jonathan Einhorn, Esq. and Memorandum of Law in support thereof, it is hereby

**ORDERED** that Plaintiff's Ex Parte Motion to Proceed Under Pseudonym and for Protective Order be **GRANTED**, and it is

**FURTHER ORDERED,** that the Motion for Temporary Restraining Order and Preliminary Injunction, and Motion to Proceed Under Pseudonym

/ / /

and for Protective Order, and all other accompanying filings in this action shall be placed under seal until such time as proof of service of the Summons and Complaint is returned and filed by Plaintiff with the Clerk of the Court.

Dated: April _____, 2019

_____
UNITED STATES DISTRICT JUDGE

C:\DOCS\JIHLAW\Clients\19S\19-17\19-17-0001\P-Pleadings\190425 Order Pseudonym and Seal.doc

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON,<br><br>              Defendants. | CIVIL ACTION NO.:<br><br><br><br><br>April 25, 2019 |

## DECLARATION OF JONATHAN J. EINHORN, ESQ.
## IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Jonathan J. Einhorn, ESQ. hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am admitted to practice in the courts of the State of Connecticut and am a member of the Bar of the Connecticut Courts. I am an attorney for the plaintiff, John Doe ("Plaintiff").

2. I submit this declaration in support of Plaintiff's Ex Parte Motion to Proceed Under Pseudonym and for Protective Order.

3. In the instant action, Plaintiff seeks redress due to the actions, inactions, omissions, errors, flawed procedures and/or overall failure of by

Defendants Yale University ("Defendant Yale" or "Yale" or the "University") and several individuals from Yale University that were part of the University Wide Committee (UWC) (collectively, "Defendants") to provide Plaintiff with a meaningful standard of due process, basic fairness, and equity concerning false allegations of failure to obtain consent for approximately 2 to 15 seconds of unprotected sexual intercourse where consent had been given for the sexual activities that included intercourse, both 45 minutes immediately before and after alleged actions in question totaling approximately 90 minutes of sexual activity on the morning of December 9, 2018.

4. Plaintiff has signed the Verification of his Complaint and all paragraphs of the Verified Complaint are set forth in the associated Memorandum of Law.

WHEREFORE, the Court should grant Plaintiff's application in its entirety, and should order such further and other relief as the Court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Dated at New Haven, Connecticut this 25th day of April, 2019.

/s/ Jonathan J. Einhorn

Declarant
JONATHAN J. EINHORN
129 WHITNEY A VENUE
NEW HAVEN, CONNECTICUT 06510
FEDERAL BAR ct 00163
einhornlawoffice@gmail.com
203-777-3777

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON,<br><br>        Defendants. | CIVIL ACTION NO.:<br><br><br><br><br><br>April 25, 2019 |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff John Doe ("Plaintiff"), by his attorneys, Jonathan J. Einhorn and Jorge I. Hernandez, hereby seek authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In order to preserve judicial resources and the resources of Plaintiff, this document is in large part a reference to the similar claim in this Court with the same Defendant with case number 3:18-cv-00110-JCH Docket number 2-2.

In light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the possibility of acts of reprisal that could further prevent Plaintiff from proceeding with his future endeavors and inflict further harm. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in said Complaint. See Declaration of Jonathan J. Einhorn, Esq. attached to Plaintiff's Ex Parte Motion to Proceed Under Pseudonym and for Protective Order.

Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

Plaintiff is in his Senior Year at Yale University and within a few weeks of graduation. He has accepted a job offer with the industry leader in his field of study, contingent upon his graduation from Yale.

Unlike most Yale students, Plaintiff is attending Yale on a financial aid scholarship and literally went from a trailer park to the hallowed halls of Yale. He did this through hard work, helping the underprivileged while he himself was also underprivileged and he is exceptionally intelligent.

Plaintiff has completed virtually all of his coursework needed to graduate on May 22, 2019 and only needs to turn in final essays in two classes, complete one take-home exam in another class, present an oral for a professor in another

class and complete an oral examination in the final class.

The Dean of Yale University has suspended him until Spring 2020 based upon the recommendation of the University Wide Council (UWC). The basis for the suspension involved a 90 minute sexual encounter between Plaintiff and a female Yale student that was previously unknown to Plaintiff and he had never seen her on campus before they met on Tinder, a computer dating site. The events of the evening began in relevant part at 1:30 A.M. On December 9, 2018. The two met at an off campus location and walked to Plaintiff's off-campus apartment and arrived at about 1:45 A.M. There was undisputed consent for intercourse that began at approximately 2:25 A.M. The details are more fully set forth in Plaintiff's verified complaint beginning at paragraph 28. Approximately 45 minutes into the encounter Plaintiff's condom was removed. Plaintiff's account of how the condom came off differs from his accusers version, but there is no dispute that for a brief period of time the two engaged in unprotected intercourse from 2 to 3 seconds by his accuser's account and 10 to 15 seconds by Plaintiff's account. After the period of unprotected intercourse, there was consent for the remaining sexual activity for another 45 minutes. Plaintiff states the activity was protected sexual intercourse, his accuser states the later activity consisted of her performing oral sex and manual stimulation of Plaintiff.

Although there was no evidence presented to the UWC Panel that the accuser withdrew consent for sexual intercourse and there was no finding that Plaintiff had any indication that the accuser made Plaintiff aware that she had withdrawn consent; the UWC Panel returned a finding that Plaintiff sexually assaulted his accuser by engaging in unprotected intercourse which she had not consented to participation.

Plaintiff has been suspended and reasonably believes his academic record will show the reason for his suspension was sexual misconduct. The result of

this on his academic record will likely cause him to lose his job offer and he will find it difficult if not impossible to get a company to hire him if he can complete his degree.

During the time the UWC panel was investigating the matter, Plaintiff has already been made to feel excluded by several students on the Yale University campus who obviously had been made aware of the accuser's point of view. (Complaint at ¶¶ 48 and 51.) The UWC Procedures require confidentiality, which Plaintiff maintained meticulously. Unfortunately other individuals involved in the matter did not maintain confidentiality and Plaintiff was turned into a recluse, unable to leave his apartment for fear of verbal and physical reprisals.

Plaintiff filed all responses available to him through the UWC process and filed a timely appeal along with a Title IX complaint with Yale for sexual bias against him as a male. All were denied.

## ARGUMENT

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1068 (9th Cir. 2000). The Second Circuit has articulated a non-exhaustive list of factors for conducting this balancing test:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Plaintiff v. Cuomo,* No. 10-CV-1534 TJM/CFH, 2013 WL 1213174, at *5 (N.D.N.Y. 2013). As outlined below, a balancing of the above-noted factors leads to the inevitable conclusion that Plaintiff be permitted to proceed anonymously in this litigation.

**A. The litigation involves matters that are highly sensitive and of a personal nature.**

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public

humiliation. Rather, Plaintiff notes the highly sensitive nature and privacy issues that could be involved with being falsely linked alleged sexual misconduct. In fact, numerous courts around the country have permitted plaintiffs alleging parallel claims against colleges and universities to proceed anonymously. *See e.g. John Plaintiff v. Columbia University and Trustees of Columbia University*, 2014 WL 6471520 (S.D.N.Y. 2014); *Plaintiff v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Plaintiff v. Univ. of Massachusetts-Amherst*, 2015 WL 4306521 (D. Mass. 2015); *Plaintiff v. Univ. of S. Florida Bd. of Trustees,* 2015 WL 3453753 (M.D. Fla. 2015); *Plaintiff v. Salisbury Univ.*, 2015 WL 3478134 (D. Md. 2015); *Plaintiff v. Univ. of Montana,* 2012 WL 2416481 (D. Mont. 2012)("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Plaintiffs I–XXIII v. Advanced Textile Corp., 214* F.3d 1058, 1068–69 (9th Cir.2000)). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

**B. Disclosure of Plaintiff's identity would result in significant harm to Plaintiff.**

In addition, Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identify would result in significant harm to Plaintiff, the exact type of which he seeks to remedy by the commencement of this lawsuit. Specifically, if Plaintiff were required to reveal his identity, any ultimate success in this matter would be negated by the disclosure of his name. Namely, even if he were to achieve his objective of removing the sanction from

all of his academic records, Plaintiff would nonetheless be significantly hindered in his ability to pursue future career and educational endeavors, including graduate studies, as any entity or employer would undoubtedly have access to the records related to the instant matter and discover that Plaintiff was accused of sexual misconduct. It is widely known that the likelihood of acceptance as a transfer student for an undergraduate degree at an institution with a similar academic reputation, and/or to a graduate institution of high caliber, is already significantly reduced in light of the high number of applicants and stiff competition, but it is almost nil when a plaintiff must content with the social stigma associated with being found responsible and expelled for "sexual misconduct," regardless of whether the decision is ultimately overturned as a result of litigation.

Based on the foregoing, Plaintiff should be permitted to proceed anonymously, as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter: namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

**C. Defendants will not be prejudiced by allowing Plaintiff to proceed pseudonymously.**

Further, Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Plaintiff No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that defendants will have an unobstructed opportunity to conduct discovery, present their

defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder defendants in any way.

### D. There is a weak public interest in knowing Plaintiff's identity.

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented (i.e. Defendants violated Plaintiff's right to fair process in violation of Title IX and other federal and/or state law), there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to Yale's biased and unfair investigatory process concern a larger association than the interest of an individual plaintiff; they affect the male student population at Yale as a whole. *See Plaintiff No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

While in the past courts disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable, and his information accessible, via a simple online search. Thus, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded accusations as the present one. Here, if Plaintiff were required to reveal his name, even if Plaintiff were to succeed on his claims against defendants, the public's access to his identity would result in further damage to his future educational and career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action.

Thus, there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Moreover, the public's knowledge will only be minimally restricted as it will still know what is alleged to have occurred that resulted in charges of sexual misconduct being filed, and how the defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is not a strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of defendants and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

Dated at New Haven, Connecticut this 25th day of April, 2019.

                                           THE PLAINTIFF
                                           /s/ Jonathan J. Einhorn
                                           JONATHAN J. EINHORN

129 WHITNEY A VENUE
NEW HAVEN, CONNECTICUT
06510
FEDERAL BAR ct 00163
einhomlawoffice@gmail.com
203-777-3777


/s/ Jorge I. Hernandez

JORGE I. HERNANDEZ, Esq.
823 ANCHORAGE PLACE
CHULA VISTA, CA 91914
(pro hac vice admission pending)
Jorge@JIHLAW.com
619-475-6677

C:\DOCS\JIHLAW\Clients\19S\19-17\19-17-0001\P-Pleadings\190423 PsAs Pseudonym Pprot Order.doc