# EXHIBIT C

-----Original Message-----
From: Pat Noonan
Sent: Monday, April 29, 2019 12:06 PM
To: jorge@jihlaw.com
Cc: Jonathan Einhorn <einhornlawoffice@gmail.com>
Subject: RE: Meet and Confer re protective order        v. Yale

Jorge,

I have no ability to know in advance which individuals at Yale may have a need to contact him. He has an ongoing relationship with the University and in the normal course, I anticipate that he will receive communications from the University. Of course, we have no objection to you having your client send you all communications he receives.
    Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
(203)457-5209 (direct)
(203)314-4562 (cell)
(203) 458-9168 (office)

-----Original Message-----
From: jorge@jihlaw.com <jorge@jihlaw.com>
Sent: Monday, April 29, 2019 11:24 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>
Cc: Jonathan Einhorn <einhornlawoffice@gmail.com>
Subject: RE: Meet and Confer re protective order        v. Yale

Hi Pat:

I was referring to Dean Gleason's e-mail regarding healthcare. She certainly knows of the situation and should not be contacting him under any circumstances. As far as general e-mails to all students that are part of widely distributed information to all students, those are fine to continue. Essentially he does not need to be removed from the student database for electronic communication of gereral information.

The only direct communication is to be from his psychiatrist. I am not sure if his doctor is an employee of Yale or if he is part of a subcontractor that provides medical services. In either case,

1

his current psychiatrist can communicate with him directly and he is the only individual associated with Yale that can communicate with him directly. His treatment is to of course remain confidential and not disclosed to any of the Defendants in this case.

I am happy to review any communications Yale representatives inend to send to my client. Please just run it through me and do not let any of them contact him directly.

Regards,

Jorge I. Hernandez

Cell (619) 985-0348
Office (619) 475-6677
Fax (619) 475-6296

-------- Original Message --------
Subject: RE: Meet and Confer re protective order   v. Yale
From: "Pat Noonan" <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> >
Date: Mon, April 29, 2019 8:07 am
To: "jorge@jihlaw.com <mailto:jorge@jihlaw.com> " <jorge@jihlaw.com <mailto:jorge@jihlaw.com> >
Cc: Jonathan Einhorn <einhornlawoffice@gmail.com <mailto:einhornlawoffice@gmail.com> >

Hi Jorge,
Please let me know which "representatives" (plural) contacted your client. The only contact of which I am aware is that Dean Gleason emailed him yesterday regarding the opportunity to continue seeing his therapist at Yale Health. That was not related to the lawsuit, but to his requests to her that he be allowed to continue in that relationship despite the suspension. As soon as I learned of her email to          I emailed you and Jon to inform you that arrangements had been made to permit him to continue that treatment. I asked you to inform him of Dean Gleason's email, in the event that he was not monitoring his emails. The goal was to do everything possible to insure that he could get on his therapist's schedule and not have any interruption in his treatment (I understand his most recent visit was last week). In short, there was no communication with your client about this lawsuit, nor was there anything improper about Dean Gleason informing          of the method for continuing the therapy he had requested.

There will undoubtedly be other contacts between Yale and your client while he is on suspension. Despite the fact that he is not currently enrolled, he is still a Yale student. There will be a variety of information that needs to be communicated to him, and obtained from him, while he is on suspension. Those communications cannot, and should not, be stopped. Since you want to proceed in the lawsuit anonymously (and my clients agree with that), Yale will not be informing any employees except those who have a need to know of the lawsuit or the suspension. Thus there is no practical way for us to insure that no Yale employee contacts your client. Please let me know if you have any further concerns.

2

Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
(203)457-5209 (direct)
(203)314-4562 (cell)
(203) 458-9168 (office)

-----Original Message-----
From: jorge@jihlaw.com <mailto:jorge@jihlaw.com> <jorge@jihlaw.com <mailto:jorge@jihlaw.com> >
Sent: Monday, April 29, 2019 3:55 AM
To: Pat Noonan <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> >
Subject: Meet and Confer re protective order          . v. Yale

Pat:

It is my understanding that representatives from Yale University have contacted my client directly. All communications to my client are to go through me without exception. Yale's actions have caused an immense amount of emotional distress and he continues to worry about what they have done and potentially will do in the future. Yale has suspended him therefore there should be no reason for them to contact him unless his suspension is lifted without restrictions.

I hope this will clear any miscommunications regarding contact with a represented party. Any further contact between any Yale representative and my client will compel me to file for a protective order with the Court.

Regards,

Jorge I. Hernandez

Cell (619) 985-0348
Office(619) 475-6677
Fax (619) 475-6296


-------- Original Message --------
Subject: RE:         v. Yale
From: "Pat Noonan" <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> >
Date: Sun, April 28, 2019 10:11 am
To: Jonathan Einhorn <einhornlawoffice@gmail.com <mailto:einhornlawoffice@gmail.com> ><mailto:einhornlawoffice@gmail.com> >

3

Cc: Jorge Hernandez <jorge@jihlaw.com <mailto:jorge@jihlaw.com> ><mailto:jorge@jihlaw.com> >

Thanks, Jon. I just learned that Dean Gleason has informed          by email that the University has granted an exception to its usual policy and will permit him to continue seeing his Yale Health therapist until the therapist leaves at the end of June, despite the fact that he is currently not enrolled as a student. My understanding is that          last therapy session was last week. As a result, if he calls for an appointment promptly, his therapy should continue without interruption. Since we have no way of knowing whether          is checking his email regularly, I was asked to request that one of you contact him and suggest that he call for an appointment tomorrow. Thanks.

Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
(203)457-5209 (direct)
(203)314-4562 (cell)
(203) 458-9168 (office)

-----Original Message-----
From: Jonathan Einhorn <einhornlawoffice@gmail.com <mailto:einhornlawoffice@gmail.com> ><mailto:einhornlawoffice@gmail.com> >
Sent: Sunday, April 28, 2019 12:57 PM
To: Pat Noonan <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> >
Cc: Jorge Hernandez <jorge@jihlaw.com <mailto:jorge@jihlaw.com> ><mailto:jorge@jihlaw.com> >
Subject: Re:          v. Yale

Jorge: I recommend that you withdraw as against Dean Gleason also, based on Pat's representations. No need to add more complexity to the case.

jon

On Sat, Apr 27, 2019 at 10:03 PM Pat Noonan <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> > wrote:

Jorge, she is just the messenger. When          was suspended, he is considered to be withdrawn from school, and one of the consequences is that he is no longer a member of the health plan. The person who made the suspension decision was Dean Chun. All Dean Gleason did was to inform him of the suspension and the fact that he would no longer be a member of the health plan. Leaving her in the lawsuit will not further your case, but will set you up for a claim for vexatious litigation.

Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
(203)457-5209 (direct)
(203)314-4562 (cell)
(203) 458-9168 (office)

-----Original Message-----
From: Jorge Hernandez <jorge@jihlaw.com <mailto:jorge@jihlaw.com> ><mailto:jorge@jihlaw.com> ><mailto:jorge@jihlaw.com> >
Sent: Friday, April 26, 2019 11:58 PM
To: Pat Noonan <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> >
Cc: Jonathan Einhorn <einhornlawoffice@gmail.com <mailto:einhornlawoffice@gmail.com> ><mailto:einhornlawoffice@gmail.com> ><mailto:einhornlawoffice@gmail.com> >
Subject: Re:       v. Yale

Hi Pat:

She is in because she denied the medical treatment to my client even after he told her he was under the care of a psychiatrist. She is the basis for the IIED claim.

We can't dismiss her at this stage. Or perhaps I can convince my client to drop her if your client stipulates to allow him to graduate with his 2019 class.

Let me know. Maybe we can work something out this weekend.

Regards,

Jorge



Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Pat Noonan <PNoonan@ddnctlaw.com <mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> ><mailto:PNoonan@ddnctlaw.com> >
Date: 4/26/19 8:28 PM (GMT-07:00)
To: Jorge Hernandez <jorge@jihlaw.com <mailto:jorge@jihlaw.com> ><mailto:jorge@jihlaw.com> ><mailto:jorge@jihlaw.com> >
Cc: Jonathan Einhorn <einhornlawoffice@gmail.com <mailto:einhornlawoffice@gmail.com> ><mailto:einhornlawoffice@gmail.com> ><mailto:einhornlawoffice@gmail.com> >
Subject:       v. Yale

Hi Jorge,

I talked with Jon earlier today to request that you withdraw as to Angela Gleason. She really had nothing to do with this case. Since she is the Dean , she was required to tell him of the decision to suspend him. However, she had no role in either the decision or the investigation. As they say, "Don't shoot the messenger." I thought about why you might have sued her; and it occurred to me that you may have done so because she was a defendant in the Montague case. At that time she was a Title IX Coordinator, and in that capacity had a role in the complaint process. She left that position a couple of years ago when she was promoted to Dean . Obviously, I can file an immediate motion for summary judgment on this issue; but I thought it really would make life easier for everyone if you just withdrew against her. Let me know what you think. Thanks.

Pat


Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Rd.

Guilford, CT 06437

(203)457-5209 (direct)

(203)314-4562 (cell)

(203) 458-9168 (office)



--

Jonathan J. Einhorn, Esq.
Attorney & Counselor at Law
129 Whitney Avenue
New Haven, CT. 06510
tel: 203-777-3777
einhornlawoffice@gmail.com <mailto:einhornlawoffice@gmail.com>
<mailto:einhornlawoffice@gmail.com> <mailto:einhornlawoffice@gmail.com>
fax: 203-782-1721
cell: 203-623-7373