# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br> vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON,<br><br>    Defendants. | CIVIL ACTION NO.:<br>3:19-cv-00620 AWT<br><br><br><br><br><br>July 1, 2019 |

# DECLARATION OF JORGE I. HERNANDEZ, ESQ.
# IN SUPPORT OF PLAINTIFF'S REQUEST TO ENTER OF DEFAULT

Jorge I. Hernandez, ESQ. hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney for the plaintiff, John Doe ("Plaintiff").

2. I submit this declaration in support of Plaintiff's Request To Enter Default.

3. In the instant action, Defendants filed a Waiver of the Service of Summons with the Court on April 29, 2019. (Exhibit 1.)

4. In the Waiver, Defendant's Counsel stated

I also understand that I, or the entity I represent, must file and

serve an answer or a motion under Rule 12 within 60 days from April 29, 2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Docket 16 at p. 2.

5. No responsive pleading has been filed from any Defendant in this case upon the filing of this Request to Enter Default.

Dated this 1st day of July, 2019.

/s/ Jorge I. Hernandez
Declarant

JORGE I. HERNANDEZ, Esq.
823 ANCHORAGE PLACE
CHULA VISTA, CA 91914
Jorge@JIHLAW.com
619-475-6677

C:\DOCS\JIHLAW\Clients\19S\19-17\19-17-0001\P-Pleadings\190701 Decl Hernandez Default.doc

Declaration of Hernandez ISO Default of Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON,<br><br>        Defendants. | CIVIL ACTION NO.:<br>3:19-cv-00620-AWT<br><br><br><br><br><br>April 29, 2019 |

## WAIVER OF THE SERVICE OF SUMMONS

To: Jorge I. Hernandez, Esq., attorney for Plaintiff:

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity and individuals I represent (YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON) agree to save the expense of serving a summons and complaint in this case. I understand that I, or the entity and individuals I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

---

Waiver of Service of Summons

Exhibit 1
Page 1

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from April 29, 2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

THE DEFENDANTS,
YALE UNIVERSITY, MARVIN
CHUN, JOHN MAYES, JORDAN
PILANT, MARIA PINANGO, MARK
SOLOMON AND JORDON WHITE

BY: _Paul M. Noonan_ DATE: 4/29/19
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
e-mail PNoonan@ddnctlaw.com
(203) 458-9168

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

C:\DOCS\JIHLAW\Clients\19S\19-17\19-17-0001\P-Pleadings\190429 Summons Waiver Defendants.doc

Waiver of Service of Summons

Exhibit 1
Page 2