UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY, MARVIN CHUN, JOHN MAYES, JORDAN PILANT, MARIA PIÑANGO, MARK SOLOMON, JORDON WHITE, ANGELA GLEASON.<br><br>Defendants. | CIVIL ACTION NO.:<br>3:19-cv-00620 AWT<br><br><br><br><br><br><br><br>October 22, 2019 |

**Plaintiff's Objection to Affidavits Submitted on Reply and Motion to Strike Improperly Submitted Evidence**

Defendants submitted their Reply to the Motion to Enforce Settlement on October 17, 2019. The Reply contained affidavits from witnesses that had information that was available before the Motion was initially filed. Presenting the information on Reply only a few days before a Court hearing on the matter unduly prejudices the Plaintiff because the Affidavits were submitted after the Court ruled the individuals would not have to be present in court for questioning.

The Affidavits are new evidence that require additional time to analyze and present contrary evidence. The truthfulness of the affiant is at issue given the nature of the testimony sought to be admitted by the Defendants.

If admitted in advance of the currently scheduled hearing over the Objection

of Plaintiff, the Court should strike portions of the affidavits.

Any portion of an affidavit that is not based on personal knowledge should be stricken. *See United States v. Alessi*, 599 F.2d 513, 515 (2d Cir. 1979) (striking six paragraphs of affidavit that were not based on personal knowledge while considering rest of affidavit). When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court. *See A.L. Pickens Co., Inc. v. Youngstown Sheet and Tube Co.*, 650 F.2d 118, 121 (6th Cir. 1981) (striking portion of accounting director's affidavit that asserted legal conclusions); *Ball v. Metallurgie Hoboken-Overpelt S.A., No.* 87 Civ. 191, 1989 WL 87418, at *8 (N.D.N.Y. 1989) (indicating that unsworn affidavit included ultimate facts and legal conclusions in violation of Rule 56(e)), aff'd, 902 F.2d 194 (2d Cir.), cert. denied, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); 6 *Moore's Federal Practice* § 56.22[1] (1995) ("[t]he affidavit is no place for ultimate facts and conclusions of law"); *see also Kamen v. American Tel. Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (district court improperly declined to strike conclusory "crucial statement" in affidavit under Rule 56(e)).

**Affidavit of Marvin Chun – No Affidavit submitted with initial Motion** Affidavit is providing evidence that was available at the time of filing the original memorandum and the entire affidavit should be stricken. Plaintiff objects to inclusion of this Affidavit in this hearing.

The Affidavit lacks crucial dates that are imperative to the timing of an alleged settlement that never existed. Paragraphs 3-7 contain ultimate facts and legal conclusions that extraneous material should be disregarded by the court. Furthermore, the Affidavit makes no mention of WHEN any of the events in

Paragraphs 4-8 happened and an unsupported inference that the Dean could not act independently of the UWC Council. Paragraph 9 contains a legal conclusion that there was a settlement. The entire affidavit should be stricken as the Affiant will not be available for cross examination and the content of paragraphs 3-9 are not admissible. Moreover, the statement seems to confirm something contrary to a statement made to the Court by Mr. Noonan at the May 3, 2019 hearing that Yale does not offer legal counsel to its students, yet it seems as though Mr. Noonan was providing legal assistance and communication to a student.

**Affidavit of Joo Shin – No Affidavit submitted with initial Motion**

Affidavit is providing evidence that was available at the time of filing the original memorandum and the entire affidavit should be stricken. Plaintiff objects to inclusion of this Affidavit in this hearing. Affiant fails to attach a copy of the original version of the Affidavit prepared by Mr. Noonan that the Professor refused to sign. Nor is there any declaration as to a specific conversation between Professor Shin and Mr. Noonan regarding what John Doe had said regarding the conversation described by John Doe in his declaration that was filed under seal. Plaintiff requests paragraphs 3, 4 & 6 of this affidavit as alleging facts or conclusions of law that were not in the personal knowledge of the affiant.

**Affidavit of Patrick Noonan – Additional Affidavit submitted without authority**

Affidavit is providing evidence that was available at the time of filing the original memorandum and the entire affidavit should be stricken. Plaintiff objects to inclusion of this Affidavit in this hearing. Local Rules allow attorneys as officers of

the Court to include their statements as officer's of the court, thus an affidavit is improper on multiple grounds. Nevertheless, Mr. Noonan includes several issues of legal conclusions that are improper in affidavits and provides misleading testimony that are contradicted by previous assertions to this Honorable Court.

In the May 3, 2019 hearing, Mr. Noonan stated to the Court that John Doe could not possibly graduate even if Yale were to allow him back in to complete his classes. His current affidavit states "4. At the time I made the foregoing arguments on behalf of the defendants, I had not been informed that Mr. Doe had been working on his outstanding assignments while serving his suspension. To the best of my knowledge, that fact was not known to my clients either." (Noonan Declaration at paragraph 4.) Mr. Noonan knew before the hearing that Mr. Doe had a detailed list of the outstanding assignments he was prepared to provide upon being accepted back into Yale. John Doe Declaration filed on May 3, 2019 (paragraph 4) the morning of the hearing and e-mailed to Mr. Noonan before the hearing stated in class-by-class detail that John Doe could in fact graduate and specified the outstanding assignments due in each class that he was prepared to provide for his graduation. "Given the chance to submit my work, I will in fact be on track to graduating this term." (declaration of Doe filed May 3, 3019, paragraph 5.)

Moreover, the affidavit of Professor Shin confirms that three days before the May 3, 2019 hearing that Mr. Noonan knew John Doe could complete assignments if he was to be allowed to complete them. What Mr. Noonan told the Court is inconsistent with what has been stated by Professor Shin in her affidavit, and corroborated with John Doe's statements about a conversation he had with Professor Shin.

Plaintiff respectfully requests this Honorable Court disregard all of the Affidavits submitted with the Defendants' Reply, or in the alternative, allow for cross-examination of the individuals making the declarations.

Respectfully submitted.

Dated this 22nd day of October, 2019.

        THE PLAINTIFF

        /s/ Jorge I. Hernandez

        JORGE I. HERNANDEZ, Esq.
        823 ANCHORAGE PLACE
        CHULA VISTA, CA 91914
        Jorge@JIHLAW.com
        619-475-6677

Objection and Motion to Strike Improper Evidence

-6-

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/Jorge I. Hernandez

C:\DOCS\JIHLAW\Clients\19S\19-17\19-17-0001\M-Motions\M-2 Settlement Enforcement\191022 Objection to Evidence.doc